UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| **CAROLYN BLANTON** | ) | Case Number |
| Plaintiff | ) | |
| | ) | CIVIL COMPLAINT |
| vs. | ) | |
| | ) | |
| **I.C. SYSTEMS, INC.** | ) | JURY TRIAL DEMANDED |
| Defendant | ) | |

**COMPLAINT AND JURY DEMAND**

**COMES NOW,** Plaintiff, Carolyn Blanton, by and through her undersigned counsel, Brent F. Vullings, Esq. of Warren & Vullings, LLP, complaining of Defendant and respectfully avers as follows:

**I.   INTRODUCTORY STATEMENT**

1. Plaintiff, Carolyn Blanton (hereinafter "Plaintiff"), is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## II.      JURISDICTION

2.      Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3.      Venue in this District is proper in that the Defendant transacts business here and maintains a registered office in this District.

## III.     PARTIES

4.      Plaintiff, Carolyn Blanton is an adult natural person residing at P.O. Box 493, Kosciusko, Mississippi 39090.  At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5.      Defendant, I.C. Systems, Inc., at all times relevant hereto, is and was a Corporation engaged in the business of collecting debt within the Commonwealth of Pennsylvania and the State of Georgia with its principal place of business located at 444 East Highway 96, Saint Paul, MN 55164 and a registered office located at 116 Pine Street, Suite 320, Harrisburg, PA 17101.

6.      Defendant is engaged in the collection of debts from consumers using the telephone and mail.  Defendant regularly attempts to collect consumer debts alleged to be due to another.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV.     FACTUAL ALLEGATIONS

7.     In or around the middle of October, 2009, Plaintiff began receiving calls from Defendant in regards to a debt allegedly owed to Bank of America.  Plaintiff informed Defendant that she had engaged the law firm Persels & Associates on this matter and for Defendant to contact her attorneys' directly.

8.     Defendant responded by telling the Plaintiff that it didn't matter if she had retained Persels & Associates, because they were not a real firm and they would not work with them.

9.     On or about October 19, 2009, Persels & Associates sent a cease and desist letter to the Defendant letting them know that they were representing the Plaintiff in the settling of her unsecured debt and that any further contact on this matter should go directly through their firm.  **See Exhibit "A" (letter) attached hereto.**

10.    On that same date, October 19, 2009, Persels & Associates also sent Defendant a copy of the Plaintiff's Limited Power of Attorney form giving Persels & Associates permission to act on her behalf and perform any of the powers needed when dealing with her debt.  **See Exhibit "B" (POA) attached hereto.**

11.    On or around November 30, 2009, Plaintiff received another call from the Defendant looking for payment on this debt.  Plaintiff again asked Defendant to contact her attorneys' at Persels & Associates.  Defendant reiterated that they would not speak with Persels & Associates and told the Plaintiff that they knew she did not really have an attorney anyway.

12.    On that same call Defendant stated that they knew the Plaintiff did not have an attorney because she had already filed for bankruptcy.  Plaintiff was confused since she has

never filed bankruptcy.

13. Plaintiff continues to receive calls every day from the Defendant demanding payment on the outstanding debt. Plaintiff becomes fearful every time she received a call.

14. As of the filing of this complaint, Plaintiff has never received anything in writing from the Defendant.

15. On or about January 12, 2010, Plaintiff received a call from Defendant's agent, again looking for acceptable payment arrangements to be made on this debt.

16. Any and all contact with the Plaintiff after knowledge that they were being represented by an attorney constitutes a violation of the Fair Debt Collection Practices Act.

17. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse Plaintiff in connection with the collection of a debt.

18. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

19. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

20. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

## COUNT I – FDCPA

21. The above paragraphs are hereby incorporated herein by reference.

22. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by the Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

23. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of 15 U.S.C. § 1692:

| | |
|---|---|
| § 1692c(a)(2): | After it knows the consumer to be represented by an attorney unless attorney consents or is unresponsive |
| § 1692c(c): | After written notification that consumer refuses to pay debt, or that consumer wants collector to cease communication |
| § 1692d: | Any conduct that natural consequence of which is to harass, oppress or abuse any person |
| § 1692d(5): | Caused the phone to ring or engaged any person in telephone conversations repeatedly |
| § 1692d(6): | Place telephone calls without disclosing his/her identity |
| § 1692e: | Any other false, deceptive or misleading representation or means in connection with the debt collection |
| § 1692e(2): | Character, amount, or legal status of the alleged debt |

§ 1692e(10):   Any false representation or deceptive means to collect a debt or obtain information about a consumer

§ 1692f:   Any unfair or unconscionable means to collect or attempt to collect the alleged debt

**WHEREFORE**, Plaintiffs respectfully requests that this court enter judgment in their favor and against Defendant, I.C. Systems, Inc. and Order the following relief:

a. Declaratory judgment that the Defendant's conduct violated the FDCPA;

b. Actual damages;

c. Statutory damages pursuant to 15 U.S.C. §1692k;

d. Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k;

e. Such addition and further relief as may be appropriate or that the interests of justice require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**WARREN & VULLINGS, LLP**

Date: January 18, 2010      BY: **/s/Brent F. Vullings**
Brent F. Vullings, Esquire
Warren & Vullings, LLP
1603 Rhawn Street
Philadelphia, PA  19111
215-745-9800   Fax 215-745-7880
Attorney for Plaintiff